# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JASON JAY ROACH, | ) |
|         Petitioner, | ) |
| v. | )    Case No. 18-CV-0349-CVE-JFJ |
| JOE M. ALLBAUGH, | ) |
|         Respondent. | ) |

## OPINION AND ORDER

This is a habeas corpus action. Before the Court is respondent's motion to dismiss (Dkt. # 9). Respondent asserts that petitioner failed to exhaust administrative remedies before commencing this federal habeas corpus action to challenge the execution of his sentence. Petitioner did not file a response to the motion, and the time for doing so has expired. For the reasons discussed below, the Court finds that respondent's motion to dismiss shall be granted and that the petition shall be dismissed without prejudice for failure to exhaust administrative remedies.

## I.

Petitioner, a state inmate appearing pro se and in forma pauperis, is incarcerated at the Cimarron Correctional Facility in Cushing, Oklahoma. Dkt. # 9-1, at 1. He commenced this action on July 24, 2018, by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 3). Petitioner seeks relief from the judgment and sentence entered against him in the District Court of Tulsa County, Case No. CF-2013-950. Dkt. # 3, at 1. In that case, petitioner is serving a 25-year prison sentence pursuant to a plea agreement. Id. at 1, 5, 16-17. Petitioner alleges that, as a term of the plea agreement, he was to receive credit for the 16 months for the time he served in a Wisconsin jail following his arrest on an Oklahoma warrant. Id. at 5-6, 17. He appears to allege

that the State breached the plea agreement by failing to ensure that the Oklahoma Department of Corrections (ODOC) credited him with 16 months of time served toward his 25-year sentence. Id. at 5-6, 16-18. Petitioner's sole request for relief is "to receive credit for time served." Id. at 15.[1]

**II.**

A federal habeas court may not grant relief to a state prisoner on a federal claim unless the prisoner has first exhausted available state remedies. 28 U.S.C. § 2254(b)(1)(A); Ellis v. Raemisch, 872 F.3d 1064, 1076 (10th Cir. 2017), cert. denied, 138 S. Ct. 978 (2018). To satisfy the exhaustion requirement, a state prisoner must pursue administrative remedies as well as judicial remedies. Dulworth v. Evans, 442 F.3d 1265, 1269 (10th Cir. 2006). And exhaustion is required whether the prisoner seeks federal habeas relief under § 2254 or § 2241. Montez v. McKinna, 208 F.3d 862, 866 (10th Cir. 2000).

Here, petitioner alleges a due process violation stemming from a purported breach of the plea agreement. Dkt. # 3, at 5. But, as respondent contends, the gist of his claim is that the ODOC has not properly administered his sentence in Case No. CF-2013-950 because it has not applied 16 months of credits for time served. Id. at 5-6, 16-18. In support of the motion to dismiss, respondent provides a copy of the ODOC's policy governing the grievance process, OP-090124. Dkt. # 9-2. That policy provides an administrative remedy for resolving issues related to several topics, including sentence administration. Id. at 3-4. To exhaust administrative remedies, a petitioner must comply with all steps of the grievance process, beginning with an initial attempt to communicate

---

[1] In a prior order, this Court determined that, because petitioner challenges the execution of his sentence, rather than its validity, the Court would construe his § 2254 petition as one seeking relief under relief under 28 U.S.C. § 2241. Dkt. # 5, at 1 (citing Leatherwood v. Allbaugh, 861 F.3d 1034, 1041-42 (10th Cir. 2017)).

2

with staff, followed by submission of a "Request to Staff," submission of a grievance, and finally, submission of an appeal to the Administrative Review Authority (ARA). Id. at 7-16. The ruling of the ARA is final and concludes the internal administrative process provided by the DOC. Id. at 14-15. The policy also provides for submitting a grievance out of time. Id. at 19.

Respondent also provides an affidavit from the manager of the ARA, Mark Knutson. According to Knutson, as of September 24, 2018, petitioner had not filed a grievance or an appeal with the ARA. Dkt. # 9-3. In light of petitioner's failure to respond to the motion to dismiss, Knutson's statements in the affidavit are uncontroverted. Moreover, nothing in petitioner's verified habeas petition suggests that he attempted to exhaust administrative remedies. Dkt. # 3. Thus, the Court finds that petitioner failed to exhaust administrative remedies prior to filing this federal habeas corpus action. As a result, the Court concludes that the motion to dismiss shall be granted and that the petition shall be dismissed without prejudice.

## Certificate of Appealability

When a district court issues a ruling adverse to a habeas petitioner, the court must consider whether to issue a certificate of appealability. Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. The court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the court's ruling is based on procedural grounds, a petitioner must make that showing by demonstrating that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Because the Court's procedural ruling resulting in the dismissal of the

petition for failure to exhaust administrative remedies is neither debatable nor incorrect, the Court declines to issue a certificate of appealability.

**ACCORDINGLY, IT IS HEREBY ORDERED** that:

1. Respondent's motion to dismiss (Dkt. # 9) is **granted**.

2. The petition for writ of habeas corpus (Dkt. # 3) is **dismissed without prejudice** for failure to exhaust administrative remedies.

3. A certificate of appealability is **denied**.

4. A separate judgment shall be entered herewith.

**DATED** this 12th day of December, 2018.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE